## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRANCE FLETCHER, | § § § | |
| *Petitioner,* | § § | |
| v. | § § | Civil Action No.  SA-5-14-CV-00983-XR |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| *Respondent.* | § § § | |

## ORDER

On this date, the Court considered Petitioner Terrance Fletcher's federal habeas corpus petition pursuant to 28 U.S.C. § 2254 (docket no. 1), Respondent William Stephens' Response and motion to dismiss (docket no. 13), and the Magistrate Judge's Report and Recommendations (docket no. 15).  For the reasons set forth below, the Court ADOPTS the Magistrate Judge's Report and Recommendations, GRANTS the motion to dismiss, and DENIES the petition.

## I.    BACKGROUND

Fletcher is an inmate serving a life sentence under the custody of the Texas Department of Criminal Justice (TDCJ) in Beeville, Texas.  Docket no. 1 at 2.  In 2011, Fletcher was convicted of murder in the 227th Judicial District, Bexar County, Texas.  *Id*.  He was found guilty of murdering Rosalinda Vega outside of her son Robert Coronado's home.  Docket no. 11, Ex. 2 at 3.  That day, Coronado got into an argument with the mother of his children, who was in a relationship with Fletcher at the time.  *Id*.  Hearing about it, Fletcher drove to Coronado's home, where the family was gathered on the street.  *Id*.  He slowed his vehicle, moved so that he

was driving on the wrong side of the street, and "tossed" a brick out of the vehicle's window, striking Vega.  *Id.*  Vega eventually died from her injuries.  Docket no. 11, Ex. 2 at 3-4.

### A.  State Direct Appeal

Fletcher appealed his conviction to the Texas Fourth Court of Appeals, arguing that: (1) the evidence was insufficient to support the jury's verdict; (2) the trial court erred in denying his request to include criminally negligent homicide as a lesser included offense; (3) the trial court abused its discretion by admitting evidence of an extraneous offense; and (4) the trial court abused its discretion in denying his motion for a mistrial after jurors were observed on the phone and in the restroom separated from other jurors.  Docket no. 11, Ex. 2 at 1.  The Fourth Court of Appeals affirmed Fletcher's conviction on May 2, 2012.  *Fletcher v. State*, No. 04-11-435-CR, 2012 WL 1549816 (Tex. App.—San Antonio May 2, 2012, pet. ref'd).  Fletcher then filed a petition for discretionary review to the Texas Court of Criminal Appeals ("CCA") reasserting these four claims.  The CCA refused discretionary review on September 12, 2012.  Docket no. 1 at 3.

### B.  State Habeas Petition

Fletcher filed his first state habeas petition on October 18, 2013.  Docket no. 12, Ex. 13 at 1.  In this petition, Fletcher raised eight claims of ineffective assistance of counsel by his trial counsel, Cornelius N. Cox, for failing to: (1) "move to dismiss the defective indictment because of the improper transference of the mental element"; (2) "move for a judgment of acquittal based on the actual evidence of cause of death"; (3) call a medical expert who could present a defense that the victim's death was "due to medical neglect"; (4) raise a *Batson* challenge and "move to strike the jury panel and the prosecutions [sic] peremptory challenge concerning a black juror"; (5) present a "misidentification and suggestive photograph lineup defense" and a related jury

instruction over a prosecution witness's failure to identify Fletcher in a photograph lineup; (6) present a defense of "police fabrication"; (7) "move for exploration of the jury to determine whether the jury considered prejudicial, and outside information"; and (8) "present a strong Alibi [sic] defense."  Docket no. 12, Ex. 13 at 1-18.  Fletcher's first state habeas corpus application was dismissed by the CCA pursuant to Texas Rule of Appellate Procedure (TRAP) 73.1 for failure to adhere to formatting rules on September 24, 2014.  *See* Docket no. 12, Ex. 11 at 1.

Fletcher filed his second habeas petition on October 30, 2014.  Docket no. 12, Ex. 14 at 1.  Fletcher's second petition raised the same eight grounds as his first petition and added a ninth ground of ineffective assistance of counsel for failing to "retain or consult with an expert pathologist" who could rebut the testimony provided by the Bexar County Medical Examiner's Office.  *Id*. at 25, 51.  The CCA denied Fletcher's petition without written order on December 10, 2014.  Docket no. 12, Ex. 15 at 1.

### C.  Proceedings in Federal Court

Fletcher filed his petition for habeas corpus with this Court on November 6, 2014,[1] listing ten grounds for relief.  Docket no. 1.  Four of the claims are for ineffective assistance of trial counsel, and three allege trial court error.  *Id*.  Fletcher also advances single claims of prosecutorial misconduct, arrest lacking probable cause, and an inherently suggestive identification in court by a witness.  *Id*.  Respondent TDCJ Director of Correctional Institutions Division William Stephens filed his response to Fletcher's petition on February 5, 2015, and

---

[1] Fletcher filed his federal habeas petition before his state habeas petition was ultimately denied on December 10, 2014.  The Court notes that this fact arguably means that Fletcher filed his federal petition prior to the exhaustion of his state claims.  The Supreme Court has held that a federal habeas petition that is filed after an initial federal petition was dismissed for procedural reasons rather than decided on the merits is not a second or successive petition and thus the second petition relates back to the date the first petition was filed for exhaustion purposes.  *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  While this Court has not located any similar authority on state petitions relating back, out of caution the Court will treat the second petition as though it was filed the day the first petition was filed, such that the claims in the first and second petition could be exhausted by the time the federal petition was filed if the other requirements for exhaustion are met.  See Section III, *infra*.

moved to dismiss.  Docket no. 13.  Stephens argues that five of the issues raised by Fletcher were not included in either his direct state appeal or his subsequent state habeas petition, meaning they are unexhausted.  Stephens notes those unexhausted claims would be procedurally barred on the state level if Fletcher were to file them now under the Texas abuse of writ doctrine, which precludes a Texas state court from granting a habeas petition from a prisoner if that prisoner has already had a habeas petition denied by the state courts, absent specifically enumerated exceptions.  *Id.* at 8; TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4.  Stephens also argues that the state court's denial of Fletcher's four ineffective assistance of counsel claims presented in the federal petition was reasonable.  Docket no. 13 at 12.  Last, Stephens argues that relief for Fletcher's claim of error regarding an instruction on the lesser included offense is meritless because the Fifth Circuit has held that the failure to give lesser included offense instructions does not raise a federal constitutional issue in non-capital cases.  *Id.* at 20.

Fletcher responded to Stephens's motion to dismiss on February 19, 2015, arguing that the claims Stephens argues are unexhausted should be treated as exhausted because the CCA "refused to hold an evidentiary hearing" due to an alleged violation of the TRAP that Fletcher claims was retroactively applied to him.  Docket no. 14 at 3.  Specifically, Fletcher argues that TRAP 72.1's "'more than one ground on one page'" rule only became effective on January 1, 2014, but he had filed his petition on September 4, 2013, so the clerk's office should have "immediately send [sic] the application back to the applicant."[2]  *Id.*  Because his CCA appeal was "dismissed with an [sic] fraudulent error," Fletcher argues that his "unexhausted" claims should be examined on the merits in federal court because he "gave the [CCA] two chances to address the issues through an evidentiary hearing," which was refused in "blatant[] disregard of

---

[2] This court believes Fletcher is actually referring to T.R.A.P. 73.1: Form for Application Filed Under Article 11.07 of the Code of Criminal Procedure.

his constitutional rights." *Id*. Fletcher thus argues that all of his claims were "properly exhausted." *Id*. at 4. Alternatively, construing his arguments and objections liberally, he appears to argue that treating some of his claims as unexhausted is unfair because he cannot bring them in state court because they are barred by the abuse of writ doctrine, so he could never properly exhaust them. *Id*.

Magistrate Judge Mathy entered her Report and Recommendations on March 19, 2015. She recommended that the Court grant Stephens' motion to dismiss and deny Fletcher's petition for writ of habeas corpus and his implicit request that a certificate of appealability be issued. Docket no. 15 at 25.

Stephens objected to the Magistrate Judge's recommendation for "failure to find that Fletcher's claim that the trial court erred in denying his request for a jury instruction on the lesser-included offense fails to state a basis upon which habeas relief may be granted." Docket no. 18 at 1. Fletcher entered his objections to the Magistrate Judge's Report and Recommendations on April 14, 2015. Docket no. 20 at 1. Fletcher objected, arguing (1) that he was prejudiced by a rule change in TRAP, (2) that his counsel had performed deficiently at trial and been sanctioned, and (3) that Fifth Circuit precedent suggested that the throwing of a brick constituted the lesser-included offense of criminally negligent homicide. *Id*. at 3.

## II.    STANDARD OF REVIEW

### A.  Review of a magistrate judge's report and recommendations

Where no party has objected to a magistrate judge's report and recommendations, a court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1). In such cases, the court only reviews the recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Similarly, when a party makes no

specific objection to a portion of a report, a court only reviews that portion for clear error.  *See id.*  Additionally, failure to file timely written objections to a magistrate judge's report bars the aggrieved party, except upon grounds of plain error, from attacking the proposed findings and legal conclusions accepted by a district court on appeal.  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); *Douglass v. United Serv. Auto, Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996).

Where a magistrate judge's report has been objected to, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72.  *See also* 28 U.S.C § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  During a *de novo* review a court examines the entire record and makes an independent assessment of the law.  However, the court should not conduct a *de novo* review when the objections are frivolous, conclusive, or too general.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

### B.  AEDPA Standard of Review

This Court's review of Fletcher's claims for federal habeas corpus relief is governed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA").  *Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Under the AEDPA standard of review, this Court cannot grant Fletcher federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362 (2000); 28 U.S.C. § 2254(d). State law errors that do not implicate federal constitutional rights cannot be the basis for habeas corpus relief under the AEDPA. *Estelle v. Mcguire*, 502 U.S. 62, 63 (1991). Conclusory and speculative allegations are not sufficient to entitle a petitioner to relief under the AEDPA. *West v. Johnson,* 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. (1997).

As the Supreme Court has explained:

> Under the [AEDPA], a state prisoner seeking a writ of habeas corpus from a federal court 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'

*Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The AEDPA also significantly restricts the scope of federal habeas review of state court fact findings. Section 2254(d) provides federal habeas relief may not be granted on any claim that was adjudicated on the merits in a state court unless the state court's adjudication of the claim resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Wood v. Allen*, 558 U.S. 290, 300-301 (2011) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."); *Williams*, 529 U.S. at 410 ("[A]n unreasonable application of federal law is different from an incorrect application of federal law."). Even if reasonable minds reviewing the record might disagree about the factual finding in question (or the implicit credibility determination underlying the factual finding) on

habeas review, this does not suffice to supersede the trial court's factual determination. *Wood*, 558 U.S. at 301; *Rice v. Collins*, 546 U.S. 333, 341–42 (2006).

### III.    AEDPA: EXHAUSTION

Fletcher appears to object to the Magistrate Judge's determination that some of his claims are barred because they are not exhausted.  Docket no. 20 at 1 ("Fletcher . . . files this motion due to the unreasonable determinations and recommendations made . . . .").  The Court therefore reviews the exhaustion issue *de novo*.  After careful review, five claims wil be denied because they are unexhausted.

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To provide the state with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim.  *See Baldwin*, 541 U.S. at 29–32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion).

Under the AEDPA, federal courts lack the power to grant habeas corpus relief on unexhausted claims.  *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003) ("28 U.S.C. § 2254(b)(1) requires that federal habeas petitioners fully exhaust remedies available in state court before proceeding in federal court."), *cert. denied*, 543 U.S. 835 (2004).  The exhaustion of all federal claims in state court is a fundamental prerequisite to requesting federal collateral relief

under § 2254.  *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).

A federal court may, however, reach the merits of an exhausted claim. § 2254(b)(2); *Pondexter*

*v. Quarterman*, 537 F.3d 511, 527 (5th Cir. 2008), *cert. denied*, 555 U.S. 1219 (2009).

In order to "exhaust" available state remedies, a petitioner must "fairly present" all of his

claims to the state courts, including the highest state court.  *Duncan v. Henry*, 513 U.S. 364, 365

(1995); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997) ("A habeas petitioner 'must

fairly apprize the highest court of his state of the federal rights which were allegedly violated.'").

In Texas, the highest state court with jurisdiction to review the validity of a state criminal

conviction is the CCA.  *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985).

More simply, the exhaustion doctrine requires that the petitioner present his federal claim

in a manner reasonably designed to afford the state courts a meaningful opportunity to address it.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been

"fairly presented" to the highest state court, i.e., the petitioner presents his claims before the state

courts in a procedurally proper manner according to the rules of the state courts. *Baldwin*, 541

U.S. at 29–32 (holding a petitioner failed to "fairly present" a claim of ineffective assistance by

his state appellate counsel merely by labeling the performance of said counsel "ineffective,"

without accompanying that label with either a reference to federal law or a citation to an opinion

applying federal law to such a claim); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002), *cert.*

*denied*, 537 U.S. 1236 (2003).

Exhaustion thus requires a petitioner "to present the state courts with the *same claim* he

urges upon the federal courts." *Pickard v. Connor*, 404 U.S. 270. 276 (1971) (emphasis added).

It is insufficient that "all the facts necessary to support the federal claim were before the state

courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6

(1982) (internal citation omitted).  Claims are not exhausted "if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court."  *Wilder*, 274 F.3d at 259; *Riley*, 339 F.3d at 318 ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court.").  However, the petitioner need not spell out each syllable of the claim before the state court for the claim to have been "fairly presented" and thereby fulfill the exhaustion requirement. *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003); *Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999).  The presentation of claims for the first time on discretionary review to the state's highest court does not constitute "fair presentation" for exhaustion purposes.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Full exhaustion of a claim presented is required before federal habeas corpus relief is available. *Rose v. Lundy*, 455 U.S. 509, 518–22 (1982).

Petitions, like potentially Fletcher's, that contain both exhausted and unexhausted claims are called mixed petitions.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Prior to the AEDPA, courts were required to dismiss mixed petitions.  *Id.* at 522.  Under the AEDPA, federal district courts have the discretion to review the exhausted claims in a mixed petition on their merits despite the petitioner failing to exhaust the remedies available in state courts on some of the other claims presented in the petition.  28 U.S.C. § 2254(b)(2).  Federal district courts may still dismiss "mixed" petitions under certain circumstances.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *superseded by the AEDPA on other grounds*, (providing two tests for when courts should continue to the merits of unexhausted claims if those claims would be procedurally barred if brought in state court); *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (a mixed petition should be stayed and not dismissed if (1) the petitioner had good cause for his failure to exhaust,

(2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.).

If a state prisoner cannot bring his claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is still barred unless the prisoner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

## A. Exhaustion Analysis

The threshold issue is whether any of Fletcher's claims are unexhausted. If any claims are unexhausted, the Court will use the *Coleman* test to determine if it must analyze the merits of those claims despite being unexhausted, as those claims would now be procedurally barred in state court by Texas' abuse of writ doctrine. 501 U.S. 722.[3] The Court will deny five claims as unexhausted and not reach their merits because Fletcher does not meet the *Coleman* test.

Fletcher states the following claims in his petition:

1. [Trial] counsel was constitutionally ineffective for failure to move to dismiss defective indictment because of improper transference of mental element establishing criminal responsibility;
2. [Trial] counsel was constitutionally ineffective for failure to present a defense based on the evidence of cause of death . . . and move for a judgment of acquittal based on the actual evidence of cause of death;
3. [Trial] counsel failed to present [a] defense that death was caused by medical neglect and call a medical expert [in] support [which] constitutes ineffective assistance of counsel;

---

[3] Exceptions to the abuse of writ doctrine arise when: (1) new claims could not have been presented in a prior petition "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application," or (2) "but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4(1)(2). This case does not meet the limited exception to the abuse of writ doctrine. Thus claims that are unexhausted and do not present grounds for relief under *Coleman* will be dismissed, while those that require a full merits analysis due to *Coleman* will be analyzed along with the exhausted claims.

4. [Trial] counsel was ineffective for failure to raise a *Batson* objection and move to strike the jury panel and the prosecutor's peremptory challenge concerning a black juror;

5. [Fletcher's] arrest was without probable cause violating his constitutional rights . . . ;

6. The [prosecutor] withheld all exculpatory evidence from [Fletcher] and his defense counsel in violation of his constitutional rights;

7. The in court identification of [Fletcher] by the state's main eyewitness was inherently suggestive, therefore violating [Fletcher's] due process . . . ;

8. The trial court erred when it denied [Fletcher's] motion for a directed verdict because the evidence was legally insufficient to prove . . . Fletcher possessed the requisite intent to commit murder;

9. The trial court erred in denying [Fletcher's] requested jury charge on the lesser-included offense of criminally negligent homicide . . . ;

10. The trial court erred when it denied motion [Fletcher's] motion for mistrial after it was shown that, without authorization by the court, the jury separated, and one juror made a phone call, after the court instructed the jury to retire to the jury room and deliberate for the punishment phase.

Docket no. 1 at 6-9.

The court of last resort for exhaustion in Texas is the CCA, and exhaustion can occur either through direct appeal or through a post-conviction writ application. *Richardson*, 762 F.2d at 431. Stephens argues, and the Magistrate Judge concluded, that claims 5, 6, 7, 8, and 10 are unexhausted because they were not raised on direct appeal to the Fourth Court of Appeals or to the CCA on state habeas review. Docket no. 15 at 16.[4]

In his response to the Magistrate Judge's recommendation, Fletcher objected that his "claims should not be procedurally barred for new grounds . . . because when the petition was filed on 9/4/13, the new rules that were adopted on 12/12/13 effective 1/1/14 were not retroactive . . . ." Docket no. 20 at 3. This Court construes this as an argument that Fletcher ought to be able to proceed with his unexhausted claims, or that his claims are exhausted, since a rule change prevented him from exhausting these claims on the state level.

---

[4] The Court has renumbered the claims. As such, the numbers do not match the report and recommendations. Claims 5, 6, 7, 8, and 10 here match the Magistrate Judge's claims 2, 3, 4, 5, and 7.

Stephens argues that Fletcher did not exhaust his state remedies on claims 5, 6, 7, 8, and 10 because these were not raised on direct appeal or in his state habeas petition.  Docket no. 13 at 8-12.  It is clear from the record that claims 5, 6, and 8 were not fairly presented in the state courts and are therefore unexhausted.  *see* docket no. 12 at Ex. 11 (never mentioning anything related to claim 5, arrest without probable cause; claim 6, withholding exculpatory evidence in violation of *Brady*; or claim 8, trial court's error in denying a directed verdict for insufficient evidence on the *mens rea* element); *see also Baldwin*, 541 U.S. at 29–32 (holding a petitioner failed to "fairly present" a claim to the state court's highest court thus not exhausting the claim); *Riley*, 339 F.3d at 318 ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court.").

The Court notes that Fletcher touched upon the issues of suggestive eyewitness identification (7) and jury separation (10) in his state habeas application, but presented them as ineffective assistance of counsel claims rather than trial court errors.  Docket no. 12, Ex. 13 at 14-15.  While two of Fletcher's state claims share a factual nexus with federal claims 7 and 10, they are supported by different legal theories: the former are ineffective assistance of counsel claims while the latter are trial court error claims.  *Id.*  This difference means claims 7 and 10 were not properly exhausted.

Courts in the Fifth Circuit have repeatedly held that subtle changes to legal theories or additional detail that highlights a claim that was merely referenced in the state court petition are not exhausted.  *See, e.g.*, *Wilder*, 274 F.3d at 259 ("[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement."); *Puckett v. Epps*, 615 F. Supp. 2d 494, 540 (S.D. Miss.

2009) *aff'd*, 641 F.3d 657 (5th Cir. 2011) ("In his post-conviction petition, [Petitioner] cited the Eighth Amendment as a basis for precluding use of the aggravator where there was insufficient evidence to support it.  Here, he argues that the Eighth Amendment supports his contention that the statutory aggravator is unconstitutionally overbroad as it is written and construed by the state courts. This is a separate claim, and it was never presented to the state court for review. Therefore, [Petitioner]'s claim is barred from habeas review to the extent that it attacks the aggravating circumstance generally."); *Moore v. Quarterman*, 526 F. Supp. 2d 654, 686 (W.D. Tex. 2007) ("Petitioner's cryptic reference to the Fourteenth Amendment in his second state habeas corpus application did not "fairly present" the Texas Court of Criminal Appeals with the same federal due process arguments petitioner presents to this Court").  Fletcher's shift from an ineffective assistance theory to a trial court error theory is a far more significant than many cases in the Fifth Circuit where the courts held claims were not exhausted.

In *Vela v. Estelle*, a petitioner used different instances of counsel's conduct to claim ineffective assistance in his state and federal petitions.  708 F.2d 954, 959 (5th Cir. 1983) (Both state and federal petitions alleged that petitioner's sixth amendment rights were violated by ineffective assistance, but the federal petition included "instances of alleged substandard conduct cited in this appeal which were not explicitly enumerated in Vela's state habeas petition.").  His claims were nevertheless found to be fairly presented, as his state and federal claims were based on the same underlying legal theory, even if some different facts were used to support his claims in each.  *Id*. at 958-59.  Fletcher, by contrast, has used similar facts to support claims based on two distinct legal theories.  Claims 7 and 10 in the federal petition have thus not been fairly presented to the state court, as the state courts were unable to evaluate the facts surrounding eyewitness identification and jury separation at his trial under the theory of trial court error.

14

The state courts only had the opportunity to analyze those facts and argument under a different legal theory, ineffective assistance of counsel, meaning that claims 7 and 10 are unexhausted because they were not "fairly presented" to the state courts.  *See Wilder*, 274 F.3d at 259.  Claims 5, 6, 7, 8, and 10 are thus all unexhausted.

### B.  Reaching the Merits of Unexhausted Claims

Fletcher could not bring his unexhausted claims in state court now because they would be procedurally barred by Texas's abuse of writ doctrine, which precludes a Texas state court from granting a habeas petition from a prisoner if that petitioner has already had a habeas petition denied by the state courts.  *See* docket no. 12, Ex. 13 at 1-18; TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4.  Because his claims would be procedurally barred in state court, this Court may review some or all of the unexhausted claims on their merits if Fletcher can (1) demonstrate cause for the default and actual prejudice as a result of the court not reaching the claims' merits, or (2) demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750;[5] *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) ("A federal court may consider the merits of a procedurally defaulted claim if the petitioner shows 'cause for the default and prejudice from a violation of federal law.'").  To "demonstrate cause" a petitioner must show "something external to the petitioner, something that cannot fairly be attributed to him . . . impeded [his] efforts to comply with the State's procedural rule," that would prevent the petitioner from now properly bringing his claims.  *Coleman*, 501 U.S. at 753.  The fundamental miscarriage of justice test is limited to cases where a petitioner demonstrates that a constitutional violation has "'probably resulted' in the conviction of one who is 'actually innocent' of the

---

[5] The *Coleman* test only applies when claims would actually be procedurally barred pursuant to an independent and adequate state procedural rule, and, as such, could not be brought at the state level.  501 U.S at 750.  The Fifth Circuit has stated that "the Texas abuse of the writ doctrine has been consistently applied as a procedural bar, and that it is an independent and adequate state ground for the purpose of imposing a procedural bar."  *See, e.g.*, *Kunkle v. Dretke*, 352 F.3d 980, 988-89 (5th Cir. 2003). Fletcher nor the State not dispute that it is an adequate procedural bar.

substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray*, 477 U.S. at 496).

Fletcher's unexhausted claims are procedurally barred at the state level, but Fletcher has not shown an actual cause for his default when he failed to present his unexhausted claims, and failing to review the merits of the unexhausted claims would not result in a fundamental miscarriage of justice, so the Court will not review the merits of claims 5, 6, 7, 8, and 10.

When analyzing the "demonstrate cause" prong, the Supreme Court in *Maples v. Thomas* found an Alabama death row inmate failed to file his habeas appeal because his lawyers had left the firm representing him and his efforts to reach the firm were in vain.  132 S. Ct. 912, 919-20 (2012).  The Court reasoned that this was not a mere case of attorney negligence; rather, it was an instance where the "attorney abandon[ed] his client without notice, and thereby occasion[ed] the default" and the Supreme Court held it was sufficient to show external cause for his failure. *Id*. at 922.  In *Maples*, something external to the petitioner that could not be fairly attributed to him stopped him from complying with the state's procedural rule, thereby establishing an external cause.  *Id*.; *see also Hughes v. Keith*, No. CIV.A. 12-2841, 2014 WL 67587, at *8 (E.D. La. Jan. 8, 2014) ("Review of the record does not support a finding that any factor external to the defense prevented [the petitioner] from raising his claim in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State that prevented him from doing so.").

Fletcher, conversely, has not pointed to any external factors that prevented him from filing these unexhausted claims, as he properly filed multiple petitions on appeal within the statutory period that included other claims, just not these unexhausted ones.  Therefore, the Court finds Fletcher has not shown an "external cause" that could "demonstrate cause." *See Coleman*,

501 U.S. at 753.  Fletcher has also presented no new evidence or any other argument for "actual innocence," or shown any other fundamental miscarriage of justice that will transpire if the Court does not analyze the merits of these claims.  The Court therefore does not reach the merits of his unexhausted claims: 5, 6, 7, 8, and 10.  *Canales v. Stephens*, 765 F.3d at 562.

## IV.    INEFFECTIVE ASSISTANCE CLAIMS

Fletcher claims that his trial counsel was constitutionally ineffective for failure to: (1) "move to dismiss defective indictment because of improper transference of mental element establishing criminal responsibility; (2) present a defense based on the evidence of cause of death . . . and move for a judgment of acquittal based on the actual evidence of cause of death; (3) to present [a] defense that death was caused by medical neglect and call a medical expert [in] support [which] constitutes ineffective assistance of counsel; and (4) raise a Baston [sic] objection and move to strike the jury panel and the prosecutor's peremptory challenge concerning a black juror."  Docket no. 1 at 6-7.[6]

For an ineffective assistance of counsel claim to succeed, a habeas petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 697 (1984).  To show that counsel's performance was deficient, a criminal defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id*. at 708; *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). Courts are deferential when reviewing the performance of counsel, who enjoys a strong presumption that his or her conduct was reasonable, and try to eliminate the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689; *see Wiggins v. Smith*, 539 U.S. 510, 523 (2003).

---

[6] These are claims 1-4 as listed above at page 13.

Counsel is not required to make every plausible argument on behalf of his client; counsel is only required by the Constitution to provide "reasonably effective assistance." *Strickland*, 466 U.S. at 687.  In addition, under *Strickland*, a petitioner must establish that he was prejudiced by counsel's mistake. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Fletcher asserts four grounds of ineffective assistance of counsel.  The Magistrate Judge found that Fletcher did not rebut the deference federal courts give to trial counsel's performance and to the CCA's determination on the matter, recommending that all of his claims of ineffective assistance should thus be denied.  Docket no. 15 at 21.

In his response to the Report and Recommendations, Fletcher objected to the Magistrate Judge's recommendation to dismiss his claim that trial counsel rendered ineffective assistance when he did not call a medical expert to assert that medical neglect caused the victim's death. Docket no. 20 at 3.  The Court will thus review Fletcher's ineffective assistance claim for failure to call a medical expert *de novo*.  Fletcher also seems to be making a general objection to counsel's performance, writing that he "has shown with due diligence that . . . trial counsel was ineffective," and that trial counsel "was sanctioned by the State Bar of Texas for not giving petitioner his attorney client file so petitioner Fletcher could file a better accurate [sic] post-conviction writ . . . ."  Docket no. 20 at 3.  Thus, out of caution, the Court will conduct a *de novo* review of Fletcher's other three ineffective assistance claims as well.

Fletcher asserts in claim 3 of his federal petition that trial counsel rendered ineffective assistance when he did not call a medical expert to assert that medical neglect caused the

victim's death.  Docket no. 1 at 7.  Fletcher specifically objected to the Magistrate Judge's Report and Recommendations because trial counsel admitted "not hiring a medical expert when he knew there was an issue with the cause of death" and that failure to hire a medical expert was "deficient performance."  Docket no. 20 at 3.

To show that counsel rendered ineffective assistance by neglecting to call a witness, petitioner must provide the name of that particular witness and demonstrate that the witness would have been able to provide proof favorable to a particular defense.  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) ("This Court has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.") (citing *Bray v. Quarterman*, 265 F. App'x. 296, 298 (5th Cir. 2008)).  Fletcher failed to provide any affidavit to establish what a medical expert witness would testify that is favorable to his defense at any point in his habeas proceedings, including here.  This continued failure dooms Fletcher's objections and claim. *See, e.g.*, *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (denying an "uncalled expert witness claim" where habeas petitioner failed to present evidence of what a scientific expert would have stated if called).

Further, trial counsel is not required to make every plausible argument on behalf of his client, and is instead only required by the Constitution to provide "reasonably effective assistance."  *Strickland*, 466 U.S. at 687.  Trial counsel stated that he did not hire a medical

expert because he believed the medical examiner to be an impartial witness who could testify as to medical neglect and could be used to advance an argument about the cause of death without the testimony of a second medical expert.  Docket 12, Ex. 13 at 83.  In an affidavit relating to the state habeas petition, trial counsel stated that he extensively cross-examined witnesses on medical neglect and argued that it was the major cause of victim's death.  *Id*. at 78.  The trial record confirms trial counsel's statement.  *See* Court Record (CR) Volume 4 at 212-15.  That trial counsel extensively focused on the cause of death weighs against a determination that his performance was deficient.  Counsel was not required to call an independent medical expert; he provided reasonably effective assistance as it relates to calling and examining medical experts. *See Day*, 566 F.3d at 538; *Ex parte Jimenez*, 364 S.W.3d 866, 888 (the United State Constitution "does not require the appointment of a defense expert to match every State expert") (Tex. Crim. App. 2012).

Second, Fletcher asserts that trial counsel rendered ineffective assistance when he did not "move for a judgment of acquittal based on the actual evidence of cause of death" in claim 2 of the federal petition.  Docket no. 1 at 6.  Fletcher argues the pathologist testified that the victim's death was caused by a "sepsis infection," which means Fletcher did not cause the death.  *Id*.  In an affidavit presented in the state habeas proceedings, trial counsel said that he "extensively focused his cross examination of witnesses on that very point" and argued that "medical neglect was the major cause of the victim's death" because it led to the sepsis infection.  Docket 12, Ex. 13 at 83.  Examining the trial record, trial counsel indeed focused on the cause of the victim's death with multiple witnesses.  CR Volume 4 at 212-15 (medical examiner); CR Volume 3 at 214-16 (victim's son).  Trial counsel also moved for a directed verdict "for an acquittal on the charge of murder," at the bench at the close of the prosecution's case.  CR Volume 4 at 216.  The

court denied it.  The CCA found trial counsel to be reasonably effective.  Reviewing the trial record and affidavits the Court finds trial counsel was reasonable in his actions.  Trial counsel moved for a directed verdict, and had presented this exact issue at trial.   And Fletcher was not prejudiced by trial counsel's actions in this area if counsel somehow failed to make thorough argument on the cause of death issue, as the jury was presented with the medical neglect argument and rejected it when it found Fletcher guilty of murder; deciding Fletcher's actions to be the ultimate cause of the sepsis infection.  *United States v. Pringler*, 765 F.3d 445, 450 (5th Cir. 2014) *cert. denied*, 135 S. Ct. 1000 (2015) ("To establish prejudice, the defendant usually 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quoting United States v. Anderson, 987 F.2d 251, 261 (5th Cir. 1993)).  Fletcher has thus not shown that the CCA's rejection of claim 2 was objectively unreasonable; claim 2 is denied as trial counsel was not ineffective and his actions were not objectively unreasonable.

Next, in claim 1 in his federal petition, Fletcher asserts that trial counsel provided ineffective assistance when he did not move to dismiss the indictment "because of improper transference of mental element establishing criminal responsibility."   Docket no. 1 at 6.  Reviewing the record *de novo*, the Court finds trial counsel was not ineffective in this regard, either.

Trial counsel submitted an affidavit on this issue to the state habeas proceeding, which stated that "[t]he request was made for a lesser [included] offense of Aggravated Assault but was denied by the Trial Court."  Docket 12, Ex. 13 at 83.  It appears Fletcher was first charged with aggravated assault before the victim's death, docket no. 1-1, but prosecutors dropped that charge and the grand jury eventually indicted Fletcher for murder upon the victim's death, *see* docket

no. 11-5 at 9.  Trial counsel argued at trial that Fletcher lacked the mental element, or *mens rea*, for murder, but this argument was rejected by the trial court, which denied the lesser included offense instruction for aggravated assault and negligent homicide, while approving one for manslaughter.  The jury also found that Fletcher possessed the *mens rea* for murder, rather than the lesser offense manslaughter.  Docket no. 11, CR Volume 5 at 231-32; Docket no 11 CR Volume 5 at 45.

The CCA found that trial counsel was reasonably effective in providing evidence regarding Fletcher's *mens rea* at the time of the crime, and Fletcher has presented no evidence to rebut the strong presumption that trial counsel acted reasonably.  The Court finds trial counsel provided reasonably effective assistance in terms of Fletcher's complaint regarding the "improper transference of mental element establishing criminal responsibility."  *Id*.; Docket no. 1 at 6.

Lastly, Fletcher asserts in federal claim 4 that trial counsel rendered ineffective assistance in "failing to raise a *Batson* objection and move to strike the jury" after the sole black juror on the jury panel was peremptorily struck by the prosecutor.[7]  Docket no. 1 at 7.  Fletcher has failed to provide specific information concerning a *Batson* objection except his argument that trial counsel had denied that there was a basis for one, and the fact that the sole black juror was stricken.  Docket 12, Ex. 13 at 83.  Trial counsel asserted in an affidavit that he felt the jury was properly selected and that he would have raised a *Batson* challenge had there in fact been grounds for it.  *Id*.  Fletcher presents no evidence that a *Batson* challenge should have been raised beyond mere legal conclusions.  Examining the record, trial counsel acted reasonably and

---

[7] Fletcher attempted to quash his indictment at trial on the grounds that he was prejudiced by the lack of blacks on the grand jury.  Docket no. 11, Ex. 5 at 101.  He also argues he was discriminated against because he was tried by a jury of Hispanics, as the victim of the crime was Hispanic, and he is black, so the jury would sympathize with the victim based on her race.  Docket no. 14 at 8.

there was no real basis for a *Batson* challenge.  The state courts agreed with that assessment.  Fletcher's claim for ineffective assistance for failure to present a *Batson* challenge is therefore denied.  *Id.*

As for Fletcher's general argument that trial counsel was sanctioned regarding his handling of his client files, that finding cannot be used to infer that he provided ineffective assistance to Fletcher at his trial sufficient to support a federal constitutional claim since the discipline was unrelated to performance at Fletcher's trial.  Counsel's discipline was about the maintenance of records, and Fletcher does not argue that trial counsel's handling of client records affected his assistance at Fletcher's trial.  The Court therefore finds Fletcher has not met his burden that trial counsel's performance was objectively unreasonable in any way, or his burden that the performance prejudiced him even if counsel was objectively unreasonable in his representation.

Federal district courts cannot grant a habeas petition unless the "state court was wrong as a matter of law or unreasonable in its application of law in a given case."  *Williams*, 529 U.S. at 385. There is no basis for such a finding on any of Fletcher's four ineffective assistance claims as trial counsel's performance was not objectively unreasonable and Fletcher failed to demonstrate prejudice.  Fletcher's claims of ineffective assistance, Claims 1, 2, 3, and 4, are all denied.  *Id.*

## V.    JURY INSTRUCTION ON LESSER INCLUDED OFFENSE OF CRIMINALLY NEGLIGENT HOMICIDE

In federal claim 9, Fletcher states that "the trial court erred in denying [Fletcher's] requested jury charge on the lesser-included offense of criminally negligent homicide . . . ."  Docket no. 1 at 9.  To be a basis for relief, a trial court's error in instructing the jury must do more than merely affect the verdict, it must render the trial, as a whole, fundamentally unfair.  *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984); *Nelson v. Estelle*, 642 F.2d 903, 907

(5th Cir. 1981). The test applied to determine whether the trial court error rendered the trial, as a whole, fundamentally unfair is whether there is "a reasonable probability that the verdict might have been different had the trial been properly conducted." *U.S. v. Sanchez*, 432 F. App'x. 371, 374 (5th Cir. 2011) (quoting *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988)). In addition, a federal harmless error standard applies on federal habeas review of state court convictions. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Billiot v. Puckett*, 135 F.3d 311, 318 (5th Cir. 1998). Therefore, to be actionable, the trial court error on a jury instruction must have "had [a] substantial and injurious effect of influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see Billiot*, 135 F.3d at 318; *Shaw v. Collins*, 5 F.3d 128, 132 (5th Cir. 1993). Thus, to obtain relief, a petitioner must establish that the trial error resulted in actual prejudice. *Basso v. Thaler*, 359 F. App'x. 504, 509 (5th Cir. 2010) (citing *United States v. Lane*, 474 U.S. 438, 449 (1986)).

Fletcher claims that the trial court erred in denying his requested jury instruction on the lesser included offense of criminally negligent homicide since "there was at least a scintilla of evidence to show" that he was guilty of only criminally negligent homicide, meaning he was entitled to his requested instruction. Docket no. 1 at 9. The Magistrate Judge found that Fletcher failed to provide argument and evidence to show that criminally negligent homicide was a valid, rational alternative to the charge of murder, citing *Guzman v. Texas*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006). Docket no. 15 at 21. Fletcher objected to the Magistrate Judge's recommendation, arguing that he should have received the criminally negligent homicide charge because in "*Corker v. State* . . . the Fifth Court of Appeals stated that the throwing of an [sic] brick at an individual clearly constitutes gross negligence." Docket no. 20 at 3. Stephens also objected to the Magistrate Judge's recommendation in this portion of the report, stating the

Report and Recommendation's "failure to find that Fletcher's claim that the trial court erred in denying his request for a jury instruction on the lesser-included offense fails to state a basis upon which habeas relief may be granted."  Docket no. 18 at 1.[8]  Given the objections, the Court will review this section of the report *de novo*.

Fifth Circuit precedent is clear that Fletcher's argument for a lesser included offense as the basis for habeas relief has no merit since his is a non-capital case.  "In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998) (quoting *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988)).  Fletcher has thus failed to state a claim upon which relief can be granted in his federal habeas petition, and the Court defers to the CCA's "interpretation of its law for whether a lesser-included-offense instruction is warranted." *Id*. Claim 9 is without merit and denied.

Even if failure to provide a lesser included offense could pose a constitutional issue that the Court might analyze on its merits, the Court would still deny Fletcher's claim regarding the instruction.  In Texas, a defendant is not entitled to lesser included offense instruction simply because the jury could disbelieve some crucial piece of evidence relating to the charged offense. *See Hampton v. Texas*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) *abrogated on other grounds by Grey v. Texas*, 298 S.W.3d 644, 650-51 (Tex. Crim. App. 2009).  A lesser included offense instruction is required under Texas law when (1) a less serious offense is encompassed within the elements needed to prove the charged offense, and (2) there is some evidence in the

---

[8] Stephens argues, "It is well settled in non-capital cases, as here, [that] 'the failure to give an instruction on a lesser included offense does not raise a federal constitution issue.'" *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985). Relief would accordingly be barred by this precedent.

record that the defendant may be guilty of the lesser included offense.  *Id*. at 440.[9]  Criminally

negligent homicide is a lesser included offense of murder under Texas law, as criminally

negligent homicide is encompassed within the elements needed to prove murder.  *See Thomas v.*

*State,* 699 S.W.2d 845, 847 (Tex. Crim. App. 1985).  Murder entails intentionally and knowingly

causing the death of an individual, while criminally negligent homicide entails the lower *mens*

*rea* of negligently causing death.  Tex. Penal Code Ann. § 19.03(b)(1) (West 2014); Tex. Penal

Code Ann. § 19.05(a) (West 2014).  The type of deadly weapon a defendant used is immaterial

in determining the mental state under which the defendant acted.

     In support of his argument that the trial court erred by not including the lesser included

offense Fletcher cites *Corker v. State*, where a Texas defendant's conviction for criminally

negligent homicide for throwing a brick at a woman holding a baby was affirmed.  691 S.W.2d

744 (Tex. App.—Dallas 1985, no pet.).  Fletcher argues that because both he and the defendant

in *Corker* tossed a brick at the victim, he should only have been charged with criminally

negligent homicide, the crime the defendant was convicted of in *Corker*, or at least the jury

should have been provided an instruction on the offense.  Docket no. 20 at 3; 691 S.W.2d at 744.

In *Corker*, the court found only that the defendant possessed the requisite *mens rea* for criminally

negligent homicide; the decision does not, however, require that trial courts give negligent

homicide instructions in all murder cases where a defendant threw a brick at his victim.  691

S.W.2d at 746.  That Fletcher and the defendant in *Corker* both used a brick is not the end of the

inquiry to determine whether a lesser-included offense instruction was required.

     As noted by the Texas Fourth Court of Appeals, the fact that Fletcher slowed his truck

and changed lanes to better position himself for aiming the brick does not comport with the

---

[9] *Grey* abrogated the second prong outlined in *Hampton* when the lesser included offense is requested by the state. *Grey*, 298 S.W.3d at 645.

failure to perceive a risk necessary for negligence.  Docket no. 11, Ex. 2 at 5.  Fletcher perceived

and assumed a risk by throwing the brick.  Fletcher does not suggest that any evidence contained

in the record demonstrates that he is only guilty of criminally negligent homicide, so the trial

court was within its discretion to deny him this instruction and did not err.

Further, the jury rejected a charge of involuntary manslaughter, which is a more serious

lesser-included offense of murder than criminally negligent homicide, and thus even if the trial

judge's exclusion of criminally negligent homicide instruction was error, that error was harmless

as it did not have "a substantial or injurious effect or influence in determining the jury's verdict."

*Id.*; Docket no 11, Ex. 10, 45; *see Lara v. State* 800 S.W.2d 387, 390 (Tex. App.—Corpus

Christi 1990, pet. ref'd) ("The difference between the two offenses as defined in the Texas Penal

Code is the culpable mental state required to establish each offense—criminal negligence for the

former and recklessness for the latter.");  *Brecht*, 507 U.S. at 637 (quoting *Kotteakos*, 328 U.S. at

776) (Reversal is required where it is highly probable that trial court committed a plain error that

had "a substantial or injurious effect or influence in determining the jury's verdict.").

Claim 9 is denied for all of these reasons.  As such, all claims in Fletcher's habeas

petition have been denied.

## VI.    CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's report and

recommendation, the Respondent's motion to dismiss is GRANTED, and the petition is

DENIED.  Petitioner failed to make "a substantial showing of the denial of a federal right" and

cannot make a substantial showing this Court's procedural rulings are incorrect as required by

Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000), and therefore this Court DENIES Petitioner a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

It is so Ordered.

SIGNED this 17th day of July, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE